UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GUY HEIDE, MICHAEL A. KOSEL, AND DUANE TAYLOR<br><br>PLAINTIFFS,<br><br>v.<br><br>MARION C. BLAKEY, ADMINISTRATOR, FEDERAL AVIATION ADMINISTRATION, CATHERINE M. LANG (ACTING) ASSOCIATE ADMINISTRATOR FOR AIRPORTS, FEDERAL AVIATION ADMINISTRATION,<br><br>DEFENDANTS. | CIVIL NO. 06-1750 (RHK/AJB)<br><br>REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS |

GUY HEIDE, MICHAEL A. KOSEL, AND DUANE TAYLOR ARE PRO SE PLAINTIFFS

RACHEL K. PAULOSE, ASSISTANT U.S. ATTORNEY, FOR DEFENDANTS.

## I.   INTRODUCTION

Pro Se Plaintiffs, Guy Heide, Michael Kosel, and Duane Taylor ("Plaintiffs") filed an action in May of 2006, seeking a writ of mandamus ordering the Federal Aviation Administration ("FAA") to issue a Final Agency Decision ("FAD") on four administrative complaints they filed in 2004 and 2005 [Docket No.7 Exhibit 1]. Plaintiffs assert that they are entitled to have their homes soundproofed with FAA airport development funds.[1] Plaintiffs' administrative claims were dismissed on July 7, 2006, in

---

[1] Plaintiffs' "underlying concern appears to be that their homes in the Rogers Lake subdivision near MSP were not incorporated in MSP's noise compatibility program in 1989, and as a result, their homes were not eligible for federally-funded noise mitigation." [Docket No. 7, Ex. 1, pg. 2]

1

the FAD and Order. [*Id.*] On July 11, 2006, the Defendants filed a Motion to Dismiss this action as moot. [Docket No. 5]. On September 1, 2006, Plaintiffs filed a petition for review of the FAD in the United States Court of Appeals for the Eighth Circuit. [Docket No. 14, Ex. 2]. Judge Richard H. Kyle referred this matter to the undersigned on September 18, 2006, for a recommended disposition. [Docket No. 11].

**II.    ISSUE**

The issue is whether this Court should dismiss this matter for lack subject matter jurisdiction because this action was rendered moot by the FAD issued on July 7, 2006.

**III.   DISCUSSION**

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, allows a party to challenge the complaint either factually or on its face. *Titus v. Sullivan* 4 F.3d 590, 593 (8th Cir. 1993). In a factual challenge, the court considers matters outside the pleadings. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). However, if there is no live case or controversy, within the meaning of Article III of the U.S. Constitution, federal courts must dismiss the case to avoid rendering an advisory opinion. *Doe v. LaFleur*, 179 F.3d. 613, 615 (8th Cir. 1999) ("[u]nder Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. It is of no consequence that the controversy was live at earlier stages in this case; it must be live when we decide the issues.") (quotations omitted). In a facial attack, the court is limited to analyzing the face of the complaint. *Biscanin v. Merril Lynch & Co. Inc*., 407.F.3d 905, 907 (8th Cir. 2005). "Jurisdictional issues, whether they involve questions of law or fact, are for the court to decide." *Osborn*, 918 F.2d at 729.

"[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*. at 730, quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d. Cir. 1977). The plaintiff bears the burden of proving that jurisdiction does in fact exist. *Osborn* 918 F.2d at 730.

This Court finds that it does not have subject matter jurisdiction over this matter because it is now moot. Plaintiffs' Complaint filed on May 11, 2006 [Docket No. 1], requested that the court issue a writ of mandamus "enjoining the Associate Administrator to issue forthwith a Final Decision and Order concerning plaintiff's four (4) Part 16 complaints . . . ." [Docket No. 1, pg. 33]. However, the Associate Administrator issued a Final Agency Decision and Order on July 7, 2006. [Docket No. 7, Ex. 1]. Thus, there is no live case or controversy within the meaning of Article III of the U.S. Constitution. *Doe*, 179 F.3d. at 615. Furthermore, Plaintiffs filed a petition for review of the FAD with the United States Court of Appeals for the Eighth Circuit on September 1, 2006. [Docket No. 14, Ex. 2]. Therefore, this Court concludes that dismissal of this matter is appropriate here.

Congress established the FAA's responsibilities in Title 49 of the United States Code, Subtitle VII, which is divided into five parts. Plaintiffs' administrative complaints fall under Part B of Subtitle VII, which addresses Airport Development and Noise. 49 U.S.C. § 47101. Congress established the review provisions for agency orders issued by the FAA. According to 49 U.S.C. § 46110(a), a person may appeal an FAA order issued under Part B "in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business." 49 U.S.C. § 46110(a). Therefore, there is no relief available to Plaintiffs from this Court because judicial review of the FAD issued on July 7, 2006,

is with U.S. Court of Appeals for the District of Columbia or the U.S. Court of Appeals for the Eighth Circuit.

**IV.    CONCLUSION AND RECOMMENDATION**

Accordingly, this Court **recommends** that Defendants' Motion to Dismiss [Docket No. 5] be **granted.**

Dated: 10/3/06

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2 (b), a party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **October 20, 2006.**